FILED
JUL 7 2008
7-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

James G. Turner-el,

    Plaintiff,

- v -

Donald A. Hulick, et al.,

    Defendant(s).

08cv3846
JUDGE MORAN
MAG. JUDGE ASHMAN

EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER OR FOR A PRELIMINARY INJUNCTION

    COME NOW the plaintiff James G. Turner-el, Pro Se, pursuant to the Fed. R. Civ. P. Rule 65, and respectfully move this Honorable Court for an Emergency temporary restraining order due to his immediate and imminent dangers of serious physical injury.

    IN SUPPORT, plaintiff states:

    1. As alleged in his Civil Rights Complaint and Affidavit attached hereto, he is subjected to assault and constant threat assault, by the defendant(s) confining him to cells with other prisoners while in segregation unit; and he has no other remedy at law.

## ARGUMENT

I. Plaintiff is entitled to a temporary restraining order directing defendants assign him to single man cells to keep him safe from assault of other inmates.

A litigant may be granted a temporary restraining order (TRO) by a federal court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a (TRO) is granted, that the (TRO) is consistent with the public interest, and that the plaintiff has a strong likelihood of success in the lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975). Plaintiff is entitled to a TRO under these standards.

A. <u>Irreparable Injury.</u>

The loss of constitutional rights, even for short periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976); Deerfield Medical Center v. City of Deerfield Beach, 661 F. 2d 328, 338 (5th Cir. 1981). But, in the case at bar, plaintiff is deprived of his constitutional rights everytime he's confined to Disci-

-2-

plinary Segregation Unit, because defendants continue to confine him to cells with other prisoners while in segregation unit, knowing plaintiff is an elderly gay male, with Hepatitus-C and other medical ailments who can't physically protect himself from assault of other prisoners, while assigning all other gay males to single-man-cells

Prison officials are under a legal duty to protect plaintiff from assault by other prisoners, but defendant(s) are deliberately indifferent to his plight and risk of harm. (see Wade v. Haynes, 663 F.2d 778 (8th Cir. 1981); Smith v. Wade, 163 S.Ct. 1625 (1983); Branchcomb v. Brewer, 669 F.2d 1297 (8th Cir. 1982); Nolmes v. Golden, 615 F.2d 83 (2d Cir. 1980). Therefore, plaintiff is suffering irreparable injury.

B. Absence of Harm to the Adverse Party.

The defendant(s) have no legitimate interest in confining plaintiff to cells with other inmates where under their own rules all gay-males are to be assigned to single-man-cells in segregation. Thus, there will be no harm suffered by defendants from issuance of a TRO. Withers v. Levine, 615
-3-

F. 2d 158, 161 (4th Cir. 1981).

C. *Public Interest.*

The public interest is best served when all persons including prisoners are protected from injury at the hand of other inmates. Mastrota v. Robinson, 534 F. Supp. 434 (E.D. Pa. 1982); West v. Rowe, 448 F. Supp. 58 (N.D. Ill. 1978).

D. *Likelihood of Ultimate Success on the Merits.*

Plaintiff's likelihood of winning a final judgement on the issue of defendant(s) denying him of protection, but intentionally subjecting him to imminent dangers of serious physical injury is overwhelming and is so well established as to be unquestionable. As such success on the merits is guaranteed.

Defendant(s) have not been served. Even if the Court finds that plaintiff is not entitled to a temporary restraining order, it should grant plaintiff a preliminary injunction after notice to the defendants.

A preliminary injunction may be granted upon

-4-

notice to the adverse party and on consideration of the same four factors discussed in Point I, Supra., Florida Medical Association, Inc. v. United States Department of Health, Education and Welfare, 601 F.2d 199 (5th Cir. 1979). Plaintiff incorporates that discussion by reference in this point.

## II.
## RELIEF

Accordingly, plaintiff pray for the following relief:

   A) Defendant(s) be restrained from assigning plaintiff to cells with other inmates;

   B) Defendant(s) ordered to assign plaintiff to single man-open-barred-cell and removed from hot box cell;

   C) Or, alternatively, that plaintiff be transferred to another prison.

   D) Any additional relief this Court deems proper, equitable and proper.

-5-

## III.
## CONCLUSION

WHEREFORE, plaintiff prays that this Honorable Court grant him a temporary restraining order, or, in the alternative a preliminary injunction.

Respectfully submitted,

James G. Turner-el
James G. Turner-el
#N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

STATE OF ILLINOIS )
)SS
COUNTY OF RANDOLPH )

## AFFIDAVIT

I, James G. Turner-el, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1) That defendant(s) have continually subjected me to imminent danger of serious physical injury by assigning me to cells with other prisoners while in segregation, while allowing all other gay males to maintain single man cells.

2) That I'm left with 3 choices either to continue to allow myself to be abused, or to try and seriously hurt any prisoner assigned to cell with me, or, to go on suicide watch, neither is a good choice, but, defendants are purposefully trying to get me killed or seriously injured.

3) That I have no adequate remedy at law

4) That I need immediate protection from further assaults.

5) That further I sayeth not.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 14th day of June, 2008.

_____
Affiant

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

James G. Turner-el )
Plaintiff, )
 )
v. ) Case No. _____
 )
Donald A. Hulick )
Defendant )

## PROOF/CERTIFICATE OF SERVICE

TO: Lisa Madigan
Attorney General
100 W. Randolph St.
Chgo, Il. 60604

TO: Michael W. Dobbins/Clerk
U.S. District Court
219 S. Dearborn St.
Chgo, Il. 60604

TO: _____

TO: _____

PLEASE TAKE NOTICE that on June 20, 2008, I have placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Civil Rights Complaint, Motion for TRO

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 6/20/08

/s/ James G. Turner-el
NAME: James G. Turner-el
IDOC#: N-04161
Menard Correctional Center
P.O. BOX 711
Menard, IL 62259

Revised February 2005