

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 2 3 2008
MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-EL,
   Plaintiff,

-v-

Donald A. Hulick, et al.,
   Defendant(s)

Case No. 08 C 3846
08 C 3846
The Honorable
James B. Moran,
U.S. Judge presiding.

## EMERGENCY MOTION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER, OR, FOR A PRELIMINARY INJUNCTION */

COME NOW the plaintiff James G. Turner-EL, Pro Se, pursuant the Fed. R. Civ. P. Rule 65, in Emergency, and respectfully move this Honorable Court for issuance of an Emergency Temporary Restraining Order, or, a Preliminary Injunction, due to immediate dangers to his person, and should this Court transfer this case to Southern District Court this Motion be transferred with it, and for Order Authorizing Court Clerk to photocopy copies of this document and serve all parties, in support plaintiff states:

1. As alleged in his Civil Rights Complaint and Affidavit attached hereto, plaintiff is subjected to assault continually, by defendants confining him to Hot Box Cells with other inmates, plus workers labeling him a snitch and tampering with his food trays. He has no other remedy at Law.

2. Plaintiff is entitled to a (TRO) when he meets all prerequisites for its issuance.

---
*/ And, to transfer this Motion, if case is transferred, and for Order Authorizing Court Clerk to Photocopy this Document and serve all parties.

ARGUMENT

I. Plaintiff is entitled to a temporary restraining order directing defendants assign him to a single man cell to keep him safe from assault of cellmates.

A litigant may be granted a temporary restraining order (TRO) by a Federal Court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a (TRO) is granted, that the (TRO) is consistent with the public interest, and that the plaintiff has a strong likelihood of success in the lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975). Plaintiff is entitled to a (TRO) under these standards.

A. Irreparable Injury.

The loss of constitutional rights, even for short periods of time, constitutes irreparable injury. Elrod v. Burns, 467 U.S. 347, 373 (1976); Deerfield Medical Center v. City of Deerfield Beach, 661 F. 2d 328, 338 (5th Cir. 1981). But, in the case at bar, plaintiff is deprived of his constitutional rights everytime he's confined to Disciplinary/Segregation Unit, because, in violation of their own rules defendant(s) continually confine other inmates to cell with him, when the defendants know plaintiff is a gay-male (bi-sexual), and according to their rules gay-males are always confined by themselves in segregation and while so confined with other inmates plaintiff has and

-1-

continues to be assaulted, abused, have food and property taken, and now he's been declared a snitch and he's having his food trays tampered with, and now he can't eat, as his food trays are liable to have feces, poison, urine or garbage in it. And, he can't breath properly in Hot Box Cell and have frequent Breathing attacks and receive No medical treatment. (See Affidavit).

Prison officials are under a legal duty to protect plaintiff from assault by other prisoners, but defendant(s) are deliberately indifferent to his plight, and risk of harm. (See <u>Wade v. Haynes</u>, 663 F.2d 778 (8th Cir. 1981); <u>Smith v. Wade</u>, 103 S. Ct. 1625 (1983); <u>Branchcomb v. Brewer</u>, 669 F.2d 1297 (8th Cir. 1982); <u>Holmes v. Goldin</u>, 615 F.2d 83 (2d Cir. 1980). Because, defendants are not protecting plaintiff, but intentionally placing him in harms way, defendants are subjecting plaintiff to irreparable injury.

B. <u>Absence of Harm to the Adverse Party.</u>

The defendants have no legitimate interest in confining plaintiff to cells with other inmates, where under their own rules all gay-males are to be assigned to single-man-cells in segregation; Nor, do defendants have justification to confine plaintiff to Steel Front Control Hot Box Torture Chamber Cell with his medical problems and his age; Nor,

-3-

to allow inmate workers to label him a snitch and tamper with his food trays. Thus, there will be no harm suffered by the defendant(s) from issuance of a TRO. <u>Withers v. Levine</u>, 615 F. 2d 158, 161 (4th Cir. 1981).

    C.  <u>Public Interest</u>.

    The public interest is best served when all persons including prisoners are protected from injury at the hand of other inmates. <u>Mastrota v. Robinson</u>, 534 F. Supp. 434 (E.D. Pa. 1982); <u>West v. Rowe</u>, 448 F. Supp. 58 (N.D. Ill. 1978).

    D.  <u>Likelihood of Ultimate Success On the Merits</u>.

    Plaintiff's likelihood of winning a final judgement on the issue of defendants denying him of protection, but, intentionally subjecting him to imminent dangers of serious physical injury is overwhelming and so well established as to be unquestionable. As such success on the merits is guaranteed. <u>Id</u>.

    Defendant(s) have not been served, even if the court finds that plaintiff is not entitled to a temporary restraining order, it should grant plaintiff a preliminary injunction after Notice to the defendants.

    A preliminary injunction may be granted upon notice to the adverse party and on consideration of the same four factor discussed in Point I. supra., <u>Florida Medical Association, Inc., v. United States Dept. of Health, Education and Welfare</u>, 601 F. 2d 199

- 4 -

## II.

## RELIEF

ACCORDINGLY, plaintiff pray for the following relief:

A) Defendants be restrained from assigning the plaintiff to cells with any other inmates;

B) Defendant(s) Ordered to assign plaintiff to single-man-open-barred-cell;

C) Authorize only kitchen workers to serve food to prisoners in segregation, so plaintiff can be fed.

D) Or, alternatively, that plaintiff be transferred to the Stateville Correctional Center; and,

E) Any additional relief this Courts deems equitable, proper and just.

## III.

## CONCLUSION

WHEREFORE, plaintiff prays this Honorable Court grant him a temporary restraining order, or, in the alternative, a preliminary injunction. To transfer Motion and Clerk to copy + serve.

Respectfully submitted,

James G. Turner-el
N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF RANDOLPH    )

## AFFIDAVIT

I, James G. Turner-el, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: 1) That I am a prisoner in custody of the Ill. Dept. of Corrections (IDOC), at Menard Correctional Center (Menard) confined to Disciplinary/Segregation Unit.
2) That I was confined to Segregation 2/28/08 and confined to a Hot Box Torture Chamber Cell alone.
3) On 3/29/08 defendants assigned me to cell with a younger, bigger, stronger young gang member who hates gays, and assaulted me, took my food, cosmetics and Books, subjecting me to reign of terror
4) That following assaults, if I was bleeding I'd have to tend to my wounds myself, as medical staff will afford me no medical treatment.
5) That following cellmate's release, defendants assigned another gang member to cell with me, who likewise assaulted me, took my food + property he was assigned 6/11/08.
6) Following his release 6/23/08, on 6/24/08 defendants assigned a long documented enemy of mine to cell with me, and though I was terrorized, I was not assaulted and was transferred from cell 6-47 to 2-32 on 7/10/08.
7) But inmate cellhouse help workers labeled me a snitch
8) Then of 7/12/08 once a segregation worker was placed on deadlock I was singled out as the finger-man, Now workers are telling all prisoners in segregation I'm a snitch and that they're gonna get me, by messing-over my food trays, as such, I haven't ate a full meal since 7/11/08, some trays actually had urine, feces, garbage

Page 1 of 2

## Affidavit (continued) Page 2 of 2

or other substances in them.

9) My present problem now is they've assigned a ex-U.S. Marine to cell with me, who already has a jail house murder to his credit and who hates gays, don't wont to cell with me because I'm labeled a snitch, plus, he knows about my trays being tampered with and he doesn't want to get a food-tray thats been tampered with.

10) But, to keep down confusion whenever he gets the bad tray I switch with him, and I take bad tray, I can't eat but crackers, or bread or something and I'm starving.

11) Further, I can't breathe in Hot Box cell, I'm having breathing attacks and afforded no medical attention.

12) That further I sayeth not.

Subscribed and sworn to before me on the ___ day of _____, ____

Respectfully submitted,

_/s/_

NOTARY PUBLIC